UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EDGAR SEARCY** | * | **CIVIL ACTION NO.  2:12-CV-1556** |
| **FED. REG. #04726-031** | * | |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| | * | |
| **JOSEPH P. YOUNG, ET AL** | * | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Edgar Searcy.  Doc. 5.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and he is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On September 25, 2003, petitioner pled guilty to charges involving the use of the internet in an attempt to induce a minor to engage in sexual activity.  The United States District Court for the Southern District of Florida sentenced petition to 180 months imprisonment.  The Eleventh Circuit Court of Appeals affirmed the judgment on direct appeal.  *U.S. v. Searcy,* 418 F.3d 1193 (11th Cir. 2005).  The United States Supreme Court declined to grant a writ of certiorari.  *Searcy v. U.S.,* 546 U.S. 1125 (2006).

Petitioner has filed a multitude of motions with the various district courts in which he has been incarcerated. Searcy has filed at least five other motions attacking his conviction and sentence in the underlying criminal case. Regardless of the titles given to the motions by petitioner, the courts have construed the five pleadings as motions to vacate pursuant to 28 U.S.C. § 2255.

In fact, Searcy previously filed a petition for a writ of habeas corpus with this court. *Searcy v. Young, et al,* 2:11-cv-217 (W.D. La.), ECF Doc. 1. In that action he attacked his conviction and sentence on the grounds that the trial court lacked personal jurisdiction and that the imposition of a three year supervised release term in addition to his sentence of 180 months imprisonment caused his sentence to exceed the statutory maximum. Ultimately, petitioner's application was denied.

Searcy filed the instant petition for a writ of habeas corpus on June 7, 2012. This time he challenges the constitutionality of the statute under which he was charged on the grounds that the statute violates the Ex Post Facto clause because Congress failed to pass a law through both Houses, submit an enrolled bill, and show an enactment date. He also argues that the unconstitutional statute deprived the sentencing court of subject matter jurisdiction. Doc. 5, p. 5.

### *Law and Analysis*

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attacks the legality of his incarceration on the grounds that the statute under which he was sentenced is unconstitutional. Since petitioner challenges the length of his sentence rather than the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and he has failed to show that his present claims were foreclosed by circuit law at any time. Therefore, this court lacks jurisdiction to entertain the petition.

### *Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that petitioner's separate motions for a preliminary injunction and a temporary restraining order be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE